UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 10-40362-HRT |
| MELISSA M. MOUNT | ) | |
| XXX-XX-4584 | ) | Chapter 11 |
| and | ) | |
| | ) | |
| GREG T. MOUNT | ) | |
| XXX-XX-6884 | ) | |
| | ) | |
| Debtors. | ) | |
| _____ ) | ) | |
| | ) | |
| IN RE: | ) | |
| | ) | |
| PROFESSIONAL SEARCH & | ) | Case No. 11-11237 |
| PLACEMENT, LLC d/b/a | ) | |
| COOL HAUS WORKS, LLC | ) | |
| | ) | |
| EIN: 20-5928056 | ) | **Jointly Administered** |
| | ) | **Under Case No. 10-40362 - HRT** |
| Debtor. | ) | |

**JOINT PLAN OF REORGANIZATION DATED MAY 23, 2011**

Melissa m. Mount and Greg T. Mount ("Mount"), and Professional Search & Placement, LLC d/b/a Cool Haus Works, LLC ("Professional Search", and together with Mount, the "Debtors"), Debtors and Debtors-in-Possession, hereby propose, pursuant to Chapter 11, Title 11 of the United States Code, the following Joint Plan of Reorganization.

## ARTICLE I

## INTRODUCTION

Professional Search is a staffing agency located in Littleton, Colorado. Professional Search is owned 100% by the Mounts. The Professional Search Chapter 11

1

case was filed in order to provide a means through which the Professional Search debt could be restructured and creditors paid to the extent practical through Gross Revenue. The Mount Chapter 11 was filed due to the Mount's personal guarantees on the obligations owed by Professional Search.

This Plan provides for the reorganization of the Debtors under chapter 11 of the Bankruptcy Code. Pursuant to the Plan, the Debtors shall restructure their debts and obligations and continue to operate in the ordinary course of business. A more complete history of the Debtors, their operations, an explanation of this Plan, and a description of the Debtors' financial condition and future business activity is contained in the Disclosure Statement which accompanies this Plan. Reference should be made to the Disclosure Statement by all creditors and parties who intend to cast a ballot for or against this Plan.

## ARTICLE II

## DEFINITIONS

2.01 - <u>Administrative Claim</u> shall mean a Claim for payment of an administrative expense of a kind specified in § 503(b) or 1114(e)(2) of the Bankruptcy Code and entitled to priority pursuant to § 507(a)(2) of the Bankruptcy Code, including, but not limited to: (a) the actual, necessary costs and expenses, incurred after the Petition Date, of preserving the estates and operating the businesses of the Debtors, including wages, salaries, or commissions for services rendered after the commencement of the Chapter 11 Case; (b) Professional Fee Claims; (c) all fees and charges assessed against the estates under 28 U.S.C. § 1930; and (d) all Allowed Claims that are entitled to be treated as Administrative Claims pursuant to a Final Order of the Bankruptcy Court under § 503(b) of the Bankruptcy Code.

2.02 - <u>Allowed Claim</u> shall mean a claim in respect of which a Proof of Claim has been filed with the Court within the applicable time period of limitation fixed by Court Order in the cases or scheduled in the lists of creditors prepared and filed with the Court pursuant to Bankruptcy Rule 1007(b) and not listed as disputed, contingent or unliquidated as to amount, and as to which no timely objection to the allowance thereof

has been filed pursuant to Bankruptcy Rules 3001 and 3007 or as to which any such objection has been determined by a Final Order.

2.03 - <u>Allowed Secured Claim</u> shall mean an allowed claim secured by a lien, security interest or other charge against or interest in property in which the Debtors have an interest, or which is subject to setoff under § 553 of the Code, to the extent of the value (determined in accordance with § 506(a) of the Code) of the interest of the holder of any such allowed claim and the Debtors' interest in such property or to the extent of the amount subject to such setoff as the case may be.

2.04 - <u>Avoidance Actions</u> means each Debtors' estates' interest in any and all Claims, rights and causes of action which have been or may be commenced by or on behalf of the Debtors to avoid and recover any transfers of property determined to be preferential, fraudulent or otherwise avoidable pursuant to §§ 544, 545, 547, 548, 549, 550 or 553 of the Bankruptcy Code, or under any other applicable law, or otherwise subject to equitable subordination under §510 of the Bankruptcy Code, regardless of whether or not such actions have been commenced prior to the Effective Date.

2.05 - <u>Claim</u> shall mean any right to payment, or right to any equitable remedy for breach of performance if such breach gives rise to the right to payment, against the Debtors in existence on or as of the Petition Date, whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, natured, unmatured, disputed, undisputed, legal, secured or unsecured.

2.06 - <u>Class</u> shall mean any Class into which Allowed Claims are classified pursuant to Article III.

2.07- <u>Class 1-4 and A-F Claims and Interests</u> shall mean the Allowed Claims and Interests so classified in Article III.

2.08 - <u>Code</u> shall mean the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* and any amendments thereof.

2.09 - <u>Confirmation Date</u> shall mean the date upon which the Order of Confirmation is entered by the Court.

2.10 - <u>Court</u> shall mean the United States Bankruptcy Court for the District of Colorado in which the Debtors' Chapter 11 cases are pending, pursuant to which this

Plan is proposed, and any Court having competent jurisdiction to hear appeal or certiorari proceedings therefrom.

2.11 - <u>Debtors</u> shall mean the Debtors who are proposing this Chapter 11 Plan.

2.12 - <u>Disclosure Statement</u> shall mean the Disclosure Statement which is approved by the Court according to 11 U.S.C. § 1125 to be utilized to solicit votes for this Plan.

2.13 - <u>Disputed Claim</u> means any Claim which is not an Allowed Claim, including, without limitation, any Claim designated as disputed, contingent or unliquidated in Debtors' schedules filed in connection with the cases, or any Claim against which an objection to the allowance thereof has been interposed, and as to which no Final Order has been entered.

2.14 - <u>Effective Date of the Plan</u> shall mean the date on which the Order for Confirmation is entered or if a stay is entered pending appeal of the Order of Confirmation, the date on which the stay is no longer in effect.

2.15 - <u>Final Order</u> shall mean an order or judgment of the Court which shall not have been reversed, stayed, modified or amended and as to which (a) the time to appeal from or to seek review, rehearing or certiorari shall have expired, and (b) no appeal or petition for review, rehearing or certiorari is pending or if appealed shall have been affirmed, or the appeal dismissed by the highest court to which such order was appealed, or if review, rehearing or certiorari was sought, such review, rehearing or certiorari has been denied and no further hearing, appeal or petition for review, rehearing or certiorari can be taken or granted or as to which any right to appeal or to seek a review, rehearing or certiorari has been waived.

2.16 – <u>Gross Revenue</u> shall mean gross collections actually received by Professional Search, during the relevant time period, derived from the operation of the staffing agency, less all taxes collected by Professional Search over the same period.

2.17 - <u>Interest</u> shall mean any member or shareholder interest or any other instrument evidencing any ownership interest in the Debtors and any option, warrant or right of any nature, contractual or otherwise, to acquire a member or other ownership interest in the Debtors.

2.18 - <u>Order of Confirmation</u> shall mean the Order entered by the Court confirming the Plan in accordance with the provisions of Chapter 11 of the Code.

2.19 – <u>Petition Date</u> shall mean the date on which the voluntary petitions were filed by the Debtors.

2.20 - <u>Plan</u> shall mean this Joint Plan of Reorganization, as amended in accordance with the terms hereof or modified in accordance with the Code, including all exhibits and schedules attached hereto or referenced herein or therein.

2.21 - <u>Priority Claim</u> means any pre-petition Claim entitled to a priority in payment under § 507(a) of the Code, but shall not include any Administrative Claim or Tax Claim.

2.22 - <u>Pro Rata</u> shall mean the ratio of an Allowed Claim or Interest in a particular Class to the aggregate amount of all Allowed Claims or Interests in that Class.

2.23 - <u>Professional Fees</u> means the Administrative Claims for compensation and reimbursement submitted pursuant to Section 330, 331 and 503(b) of the Code by a professional.

2.24 - <u>Rules</u> shall mean the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules for the District of Colorado as adopted by the Court.

2.25 - <u>Tax Claim</u> means any unsecured Claim of a governmental unit for taxes entitled to priority pursuant to 11 U.S.C. § 507(a)(8).

2.26 - <u>Unclassified Priority Claims</u> shall mean Claims pursuant to Section 507(a)(2) which are Administrative Claims allowed under Section 503(b) of the Code and any fees and charges against the estate under Chapter 23 of Title 28 of the United States Code and shall further mean Allowed Unsecured Claims of governmental units to the extent provided for in Section 507(a)(8) of the Code.

2.27 – <u>Unsecured Creditor Account Professional Search</u> shall mean that segregated account referenced and established pursuant to paragraphs 4.2 and 9.2 of this Plan, into which Professional Search will deposit 12% of Gross Revenue for distribution to all Professional Search Allowed Administrative Claims until paid in full and then to Class 3 creditors over the three year life of the Professional Search Plan.

The account will be maintained at a federally insured banking institution and the account shall be maintained within the insurance limit of the institution.

2.28 –<u>Unsecured Creditor Account Mount</u> shall mean that segregated account referenced and established pursuant to paragraphs 4.3 and 9.2 of this Plan, into which Mount will deposit: (a) for the first four months of the Plan $1,247; and (b) for each month thereafter $1,412 for distribution to all Mount Allowed Administrative Claims until paid in full and then Class E creditors for five years.  The account will be maintained at a federally insured banking institution and the account shall be maintained within the insurance limit of the institution.

2.29 - <u>Other Definitions</u>.  Unless the context otherwise requires, any capitalized term used and not defined herein or elsewhere in the Plan but that is defined in the Code or Rules shall have the meaning set forth therein.

## ARTICLE III

### DESIGNATION OF CLAIMS AND INTERESTS

The following is a designation of all classes of Claims and Interests other than those Claims of a kind specified in Sections 507(a)(2), 507(a)(3) or 507(a)(8) of the Code.

**PROFESSIONAL SEARCH**

<u>Class 1</u> - All Allowed Unsecured Claims specified in Section 507(a)(4) and 507(a)(5) of the Code as having priority.

<u>Class 2</u> - The Allowed Secured Claim held by JP Morgan Chase Bank.

<u>Class 3</u> – The Allowed Claims held by unsecured creditors.

<u>Class 4</u> – The Interest of Professional Search.

**MOUNT**

<u>Class A</u> – All Allowed Unsecured Claims specified in Section 507(a)(4) and 507(a)(5) of the Code as having priority.

<u>Class B</u> – The Allowed Secured Claim held by Ally Financial.

<u>Class C</u> – The Allowed Secured Claim held by Chase Home Finance.

<u>Class D</u> – The Allowed Secured Claims held by Chase Home Equity.

<u>Class E</u> – The Allowed Unsecured Claims held by unsecured creditors.

<u>Class F</u> – The Interest held by Mount.

## ARTICLE IV

## SPECIFICATION AND TREATMENT OF UNCLASSIFIED PRIORITY CLAIMS

As provided in Section 1123(a)(1) of the Code, the Claims against the Debtors covered in this Article IV are not classified. The holders of such Allowed Claims are not entitled to vote on the Plan.

4.1 – The holders of Allowed Claims of the type specified in Section 507(a)(2) of the Code, Administrative Claims, shall receive cash equal to the Allowed amount of such Claim or a lesser amount or different treatment as may be acceptable and agreed to by particular holders of such Claims.  Such Claims shall be paid in full on the Effective Date of the Plan, or, (i) with respect to Professional Search, if agreed to by the claim holder, in full from the Unsecured Creditor Account Professional Search established pursuant to paragraph 4.2 of this Article 4; and (ii) with respect to Mount, in full from the Unsecured Creditor Account Mount established pursuant to paragraph 4.3 of this Article 4 or treated as otherwise agreed to by the particular holders of such Claims. Section 507(a)(2) Administrative Claims that are Allowed by the Court after the Effective Date of the Plan shall be paid upon Allowance.

4.2 – Each month for three years following the Effective Date of the Plan, Professional Search will deposit 12% of Gross Revenue into the Professional Search Unsecured Creditor Account.  Every time three deposits have been made into the account, the balance of the account will be distributed to the holders of Professional Search Allowed Administrative Claims on a Pro Rata basis until such time as all holders of Professional Search Allowed Administrative Claims have been paid in full.

4.3 – Each month for five years following the Effective Date of the Plan, Mount will deposit: (a) for the first four months of the Plan $1,247; and (b) for each month thereafter $1,412 into the Mount Unsecured Creditor Account.  Every time three deposits have been made into the account, the balance of the account will be distributed to the holders of Mount Allowed Administrative Claims on a Pro Rata basis until such time as all holders of Mount Allowed Administrative Claims have been paid in full.

7

4.5 – The Allowed Claims of a type specified in Section 507(a)(8) of the Code, Tax Claims of governmental taxing authorities, shall be paid on the Effective Date of the Plan or in monthly payments on an amortized basis over a period that does not exceed five years from the Petition Date with interest at the appropriate rate set by applicable statute.

4.6 - The Debtors will make all payments required to be paid to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a)(6) until each respective case is closed, converted, or dismissed. All payments due to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a)(6) shall be paid on the Effective Date, and the U.S. Trustee shall thereafter be paid fees due on a quarterly basis until the case is closed, converted, or dismissed.

## ARTICLE V
## SPECIFICATION AND TREATMENT OF CLASS 1 AND A CLAIMS

5.1 - Allowed Class 1 and A Priority Claims shall be paid in full on the Effective Date. The Class 1 and A claims for certain pre-petition wages and employee Claims are more particularly described in Sections 507(a)(4) and 507(a)(5) of the Code.

## ARTICLE VI
## SPECIFICATION AND TREATMENT OF SECURED CREDITOR CLAIMS
**Professional Search**

6.1 – **JP Morgan Chase Bank.** The Class 2 Secured Claim shall be treated as set forth herein. The Class 2 Secured Claim is impaired by this Plan. The Class 2 Secured Claim will be treated under this Plan as follows:

   a. The principal amount of the Class 2 claim will be allowed in an amount of $15,000, or if the Class 2 claimant objects to such amount in writing and serves a copy of such objection on the Debtors at least fifteen (15) days prior to the commencement of the confirmation hearing, an amount determined by the Court at the confirmation hearing, or an amount as agreed upon by Professional Search and the Class 2 claimant on or before the Confirmation Date. Pursuant to

8

11 U.S.C. § 506, the claim is secured up to the value of the collateral for the claim and unsecured for the balance.

b. The Class 2 Claim will bear interest at the rate of: (i) 6.5% per annum commencing on the Effective Date of the Plan; or (ii) if the Class 2 claimant objects to such rate in writing and serves a copy of such objection on the Debtors at least fifteen (15) days prior to the commencement of the confirmation hearing, such rate will be determined by the Court as necessary to satisfy the requirements of 11 U.S.C. § 1129(b) of the Code; or (iii) such other rate as agreed by Professional Search and the Class 2 claimant.

c. The Class 2 claimant will retain all liens that secured its Claim as of the Petition Date, subject to payment modification as set forth herein.

d. The monthly payment of the Class 2 Claim shall be calculated based upon a three (3) year amortization of the Claim and paid in monthly installments.

## MOUNT

6.2 – **Ally Financial.** The Class B Allowed Secured Claim is unimpaired by this Plan. The Class B Secured Claim will be Allowed in its full amount pursuant to the terms and conditions of the underlying loan documents which support, evidence, and underlie the Allowed Secured Claim. The legal, equitable and contractual rights to which the Class B claimant is entitled shall be unaltered by the Plan.

6.3 –**Chase Home Finance.** The Class C Allowed Secured Claim is unimpaired by this Plan. The Class C Secured Claim will be Allowed in its full amount pursuant to the terms and conditions of the underlying loan documents which support, evidence, and underlie the Allowed Secured Claim. The legal, equitable and contractual rights to which the Class C claimant is entitled shall be unaltered by the Plan.

6.4 – **Chase Home Finance.** The Class D Allowed Secured Claim is unimpaired by this Plan. The Class D Secured Claim will be Allowed in its full amount pursuant to the terms and conditions of the underlying loan documents which support, evidence, and underlie the Allowed Secured Claim. The legal, equitable and contractual rights to which the Class D claimant is entitled shall be unaltered by the Plan.

### ARTICLE VII

## SPECIFICATION AND TREATMENT OF
## UNSECURED CREDITOR CLAIMS

7.1 - Class 3 consists of those unsecured creditors of Professional Search who hold Allowed Claims.  Class 3 shall receive payment of their Allowed Claims as set forth below:

a. Holders of Class 3 Allowed Claims shall share on a Pro Rata basis monies deposited into the Unsecured Creditor Account Professional Search as set forth herein.  As set forth in Article IV, paragraph 4.2 of this Plan, each month following the Effective Date of the Plan for a period of three years, Professional Search will deposit 12% of Gross Revenue into the Unsecured Creditor Account Professional Search. Every time three deposits have been made into the account, the balance of the account will be distributed to holders of Allowed Professional Search Administrative Claims who have agreed to accept payment under Article IV, paragraph 4.1 of this Plan.  Once the holders of Professional Search Allowed Administrative Claims have been paid in full, every time thereafter three deposits have been made into the Unsecured Creditor Account Professional Search, the balance of the account will be distributed to Class 3 claimants holding Allowed Claims on a Pro Rata basis.

7.2 – Class E consists of those unsecured creditors of Mount who hold Allowed Claims.  Class E shall receive payment of their Allowed Claims as set forth below:

a. Holders of Class E Allowed Claims shall share on a Pro Rata basis monies deposited into the Unsecured Creditor Account Mount as set forth herein.  As set forth in Article IV, paragraph 4.3 of this Plan, each month following the Effective Date of the Plan until completion of the obligations to Class E under this Plan, Mount will deposit into the Unsecured Creditor Account Mount: (a) for the first four months of the Plan $1,247; and (b) for each month thereafter $1,412. Every time three deposits have been made into the account, the balance of the account will be distributed to holders of Allowed Mount Administrative Claims who have agreed to accept payment under Article IV, paragraph 4.1 of this Plan. Once the holders of Mount Allowed Administrative Claims have been paid in full, every time thereafter three deposits have been made into the

Unsecured Creditor Account Mount, the balance of the account will be distributed for a period of 5 years to Class E claimants holding Allowed Claims on a Pro Rata basis.

b. Mount may pre-pay the Mount Administrative Claims and the $80,741 to Class E, at which time the Mount's obligations to Class E shall be deemed satisfied in full.

7.3 - All funds recovered by the Debtors or creditors on account of Avoidance Actions shall be distributed to Class 3 and/or E on a pro-rata basis, net of attorneys fees and costs.   Whether or not the Debtors pursue any Avoidance Actions shall be up to the Debtors and the decision to pursue such claims shall be discretionary with the Debtors.

## ARTICLE VIII
## SPECIFICATION AND TREATMENT OF CLASS 4 AND F INTERESTS

8.1 - Class 4 includes the Interests in Professional Search held by the pre-confirmation shareholders.  Class 4 is unimpaired by this Plan, provided Class 3 votes to accept the Plan.  In the event Class 3 does not accept the Plan, all outstanding shares in Professional Search shall be cancelled and all assets of Professional Search shall be consolidated into the Mount estate which estate shall assume liability for all payments due to Professional Search creditors under this Plan.  In such event the cases will be substantively consolidated upon confirmation.

8.2 -   Class F includes the Interests in Mount in their property.  Class F is unimpaired by this Plan.  On the Effective Date of the Plan Class F shall retain its interests in all assets owned prior to the Confirmation Date.

## ARTICLE IX
## MEANS FOR THE PLAN'S EXECUTION

9.1 – **Operation of Business**.  The Debtors shall be empowered to take such action as may be necessary to perform their obligations under this Plan.

9.2 – **Unsecured Creditor Account.**  On the Effective Date of the Plan, Professional Search and Mount will each open a separate interest bearing deposit

account at a federally insured commercial bank selected by Professional Search and Mount.  A bank account will be maintained by Professional Search as the Unsecured Creditor Account Professional Search into which all payments made by Professional Search for the benefit of the Professional Search Administrative Claimants and Class 3 creditors will be made until the term of the Plan is completed. A second bank account will be maintained by Mount as the Unsecured Creditor Account Mount into which all payments made by Mount for the benefit of the Mount Administrative Claimants and Class E creditors will be made until the term of the Plan is completed.

9.3 – **Effectuating the Plan**.  On the Effective Date of the Plan, Melissa Mount shall be appointed as the agent of Professional Search pursuant to 11 U.S.C. §1142(b) for the purpose of carrying out the terms of the Professional Search Plan, and taking all actions deemed necessary or convenient to consummating the terms of the Plan, including but not limited to execution of documents.

9.4 - **Disputed Claim Procedure**. Distributions to any class of creditor will only be made on account of Allowed Claims.  In the event that distributions are made at a time that a claim objection is pending before the Court or a judgment has entered to establish a Claim and the judgment is not subject to a Final Order, the portion of the distribution that would be paid to the disputed claimant will be held by the objecting Debtor in an interest bearing bank account until the Claim is Allowed or disallowed.  If Allowed, the Claim will be paid its appropriate share of the withheld payment.  If disallowed, the withheld distribution will be paid on a Pro Rata basis to the remaining impaired Allowed claimants of the objecting Debtor, or if all holders of Allowed Claims have been paid in full, paid to the objecting Debtor.

9.5 - **Claims and Litigation Bar Date and Standing**.  All Claim objections and Avoidance Actions in the case must be filed no later than 60 days following the Effective Date.  The Debtors shall have standing to commence, prosecute, and settle claim objections and Avoidance Actions without need for Court approval.

9.6 - **Administrative Expense Bar Date**.  All applications for allowance and payment of Administrative Claims, including Professional Fees, must be filed within 60 days following the Effective Date of the Plan.

9.7 - **Monthly Installments.**   Whenever the Plan provides for payment in monthly installments or a payment due in a certain month, the payment shall be due on the last day of the calendar month in which the payment is due, unless otherwise specified in the Plan.  The Debtors shall then have a five day grace period within which the monthly payment must be received by the payee before the Debtors shall be in default, unless a longer period is specified elsewhere in the Plan.

9.8 - **Final Decree.**  The Debtors will request entry of a final decree closing the case on or before the later of the date all Claim objections and any pending litigation is concluded or 180 days after the Effective Date of the Plan.

9.9 - **Quarterly Fees.**  Prior to the entry of the final decree, the Debtors shall continue to remit quarterly fees and post-confirmation reports to the United States Trustee, as required by statute.

9.10 - **Exemption from Transfer Taxes.**  Pursuant to Section 1146(c) of the Code, the issuance, transfer, or exchange of notes or equity securities under the Plan by the Debtors, the creation of any mortgage, deed of trust, or other security interest, the making or assignment of any lease or the making or delivery of any deed or instrument of transfer under, in furtherance of, or in connection with the Plan or the Agreements shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.

9.11 – **Contractual Relationship.**  The Plan, upon confirmation, constitutes a new contractual relationship by and between the Debtors and their creditors.  In the event of a default by the Debtors under the Plan, creditors shall be entitled to enforce all rights and remedies against the Debtors for breach of contract, the Plan.  Any secured creditor claiming a breach of the Plan by the Debtors will be able to enforce all of their rights and remedies under their security documents, including foreclosure of their deed of trust, security agreement, lien, or mortgage pursuant to the terms of such document.  Any creditor claiming a breach by the Debtors must provide written notice to the Debtors of the claimed default, the notice must provide the Debtors a ten (10) day period within which to cure the claimed default, unless a longer period is specified elsewhere in the Plan.  Upon the Debtors' failure to cure the default within such ten day period, the creditor may proceed to exercise their rights and remedies.

9.12 – **Independent Plans.** This Plan is a joint Plan for Professional Search and Mount. Notwithstanding the Joint Plan, it is not a requirement or condition precedent that the Plans be confirmed for all Debtors in order for the Plan to be confirmed and become effective for one Debtor.

## ARTICLE X
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

10.1 - On the Effective Date of the Plan, the Debtors do hereby assume those executory contracts and unexpired leases listed in Exhibit A attached hereto and incorporated herein by reference, which have not been assumed by prior Order of the Court prior to the Confirmation Date. On the date of the entry of an Order confirming the Plan, the Debtors shall be the holders of all right, title and interest to the assumed leases and contracts and such assumed leases and contracts shall be in full effect and binding upon the Debtors and the other parties thereto. Confirmation of the Plan shall constitute a determination that the payments to be made to said creditors pursuant to the Plan satisfy all conditions precedent to assumption and assignment set forth in 11 U.S.C. §365(b) and (f).

10.2 - On the Effective Date of the Plan, the Debtors will reject all executory contracts and unexpired leases to which they are a party which are listed in Exhibit B, attached hereto and incorporated herein by reference which have not been rejected by prior Order of the Bankruptcy Court prior to the Confirmation Date. Executory contracts and unexpired leases will be rejected pursuant to the provisions of 11 U.S.C. §365. Any executory contract or unexpired lease not assumed in accordance with the Plan shall be rejected.

10.3 - An Order confirming this Plan constitutes approval by the Court of the assumption or rejection of the executory contracts and unexpired leases described herein in accordance with the provisions of 11 U.S.C. § 365 and the Rules.

10.4 - **Claims Arising from Rejection.** All proofs of claim with respect to claims arising from the rejection of any executory contract or unexpired lease shall be filed with the Bankruptcy Court within twenty (20) days after the earlier of (i) the date of the Bankruptcy Court order approving the Debtors' rejection of such executory

contract or unexpired lease or (ii) the Confirmation Date.  Any claims not filed within such time shall be forever barred against the Debtors, their estates and property and any such Claims shall be disallowed in full. Claims arising from such rejection, to the extent Allowed, shall be treated as Class 3 or E unsecured Claims.

## ARTICLE XI
## MISCELLANEOUS PROVISIONS

11.1   **Revestment.**  On the Effective Date of the Plan all property of the estates shall revest in the Debtors free and clear of all liens except those specifically set forth in the Plan or as otherwise provided in the Plan.

11.2   **Retention of Jurisdiction**.  Notwithstanding confirmation of the Plan, the Court shall retain jurisdiction for the following purposes:

(a)   Determination of the allowability of claims upon objection to such claims by the Debtors-in-Possession or by any other party in interest;

(b)   Determination of the request for payment of claims entitled to priority under 11 U.S.C. § 507(a)(2), including compensation of the parties entitled thereto;

(c)   Resolution of any disputes regarding interpretation of the Plan;

(d)   Implementation of the provisions of the Plan and entry of orders in aid of consummation of the Plan, including without limitation, appropriate orders to protect the revested Debtor from action by creditors;

(e)   Modification of the Plan pursuant to 11 U.S.C. § 1127;

(f)   Adjudication of any causes of action, including avoiding powers actions, brought by the Debtors-in-Possession, by the representative of the estate or by a Trustee appointed pursuant to the Code;

(g)   Adjudication of any cause of action brought by the Debtors-in-Possession, Creditors Committee, by a representative of the estate, or by a Trustee appointed pursuant to the Code, or the revested Debtors exercising rights and powers as provided in 11 U.S.C. §§ 542-549.  This section shall not be construed to limit any other power or right which the Debtors may possess under any section of the Code; and

(h)     Entry of a final decree.

11.3 - **Satisfaction of Claims.** Professional Search shall receive a discharge on the Effective Date of the Plan pursuant to Section 1141(d) and Mount shall receive a discharge once all of their payments are made to unsecured creditors under the Plan. Confirmation of the Plan and the occurrence of the Effective Date of the Plan shall constitute a modification of any note or obligation for which specification and treatment is provided under the Plan as set forth in the Plan.  Any obligation or note, previously in default, so modified, shall be cured as modified as of the Effective Date.  This provision shall be operable regardless of whether the Plan provides for any obligation to be evidenced by a rewritten loan or security document following confirmation of the Plan.  If the Mount case is closed prior to the issuance of a discharge, creditors of Mount shall be enjoined from taking any action prescribed by Code § 362 during the term of the Plan.

11.4   **Headings**.  The headings used in the Plan are for convenience of reference only and shall not limit or in any manner affect the meaning or interpretation of the Plan

11.5   **Notices.**   All notices, requests, demands, or other communications required or permitted in this Plan must be given in writing to the party(ies) to be notified.  All communications will be deemed delivered when received at the following addresses:

a.      To:
        Melissa Mount
        2 West Dry Creek Circle
        Suite 100
        Littleton, CO 80120

        With a copy to:
        Aaron A. Garber
        Kutner Miller Brinen, P.C.
        303 East 17th Avenue, Suite 500
        Denver, CO 80203
        Fax: 303-832-1510
        Email:aag@kutnerlaw.com

16

b.     To an allowed claimant, at the addresses set forth in the allowed Proof of Claim, if filed, other, at the address set forth for the claimant in the Debtors' Schedules filed with the Court.

11.6 - **Successors and Assigns**. The Plan will be binding upon the Debtors, any creditor affected by the Plan and their heirs, successors, assigns and legal representatives.

11.7 - **Unclaimed Payments**. If a person or entity entitled to receive a payment or distribution pursuant to this Plan fails to negotiate a check, accept a distribution or leave a forwarding address in the event notice cannot be provided as set forth in paragraph 11.5, within six months of the Effective Date of the Plan, the person or entity is deemed to have released and abandoned any right to payment or distribution under the Plan.

11.8 - **Committee Termination**.   Any Creditors Committee appointed in the bankruptcy case shall terminate on the Effective Date.


### ARTICLE XII
### CONFIRMATION REQUEST

12.1 - The Debtors, as proponents of the Plan, request confirmation of the Plan pursuant to 11 U.S.C. § 1129.  The Debtors will solicit acceptance of the Plan after their Disclosure Statement has been approved by the Court and is transmitted to the creditors, interest holders and parties in interest.  In the event the Debtors do not obtain the necessary acceptances of its Plan, they may make application to the Court for confirmation of the Plan pursuant to 11 U.S.C. §1129(b).  The Court may confirm the Plan if it does not discriminate unfairly and is fair and equitable with respect to each class of Claims or Interests that is impaired and has not voted to accept the Plan.

DATED: May 23, 2011

_____
Greg Mount

_____
Melissa Mount

17

PROFESSIONAL SEARCH, LLC

By: _____
Melissa Mount, Owner & Manager

Aaron A. Garber
Kutner Miller Brinen, P.C.
303 East 17th Avenue, Suite 500
Denver, CO 80203
Telephone:  303- 832-2400
Fax: 303-832-1510
Email: aag@kutnerlaw.com

ATTORNEYS FOR DEBTORS AND DEBTORS-IN-POSSESSION

18

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 23, 2011, I served by prepaid first class mail a copy of the foregoing **JOINT PLAN OF REORGANIZATION DATED MAY 23, 2011** on all parties against whom relief is sought and those otherwise entitled to service pursuant to the FED. R. BANKR. P. and these L.B.R. at the following addresses:

Paul Moss, Esq.
United States Trustee
999 18th Street
Suite 1551
Denver, CO 80202

Stephen P. Hale, Esq.
Bert Echols, Esq.
The Hale Law Group, PLLC
88 Union Avenue
Suite 700
Memphis, TN 38103

GE Money Bank
c/o Recovery Management Systems Corp.
25 SE 2nd Avenue, Suite 1120
Miami, FL 33131-1605
ATTN: Ramesh Singh


**Vicky Martina**

## EXHIBIT A

### Executory Contracts and Unexpired Leases Assumed

1.      All contracts and leases previously assumed or for which a motion to assume is pending.

2.      All leases and contracts that are not specifically rejected.

## EXHIBIT B

### Executory Contracts and Unexpired Leases Rejected

A.     All leases and contracts previously rejected by Court Order.