IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
THE HONORABLE HOWARD R. TALLMAN

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| GREGORY TASKER MOUNT | ) | Case No. 10-40362-HRT |
| XXX-XX-6884 | ) | Chapter 11 |
| and | ) | |
| | ) | |
| MELISSA MARIE MOUNT | ) | |
| XXX-XX-4584 | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| In re : | ) | |
| | ) | |
| PROFESSIONAL SEARCH AND | ) | Case No. 11-11237-HRT |
| PLACEMENT, LLC d/b/a | ) | Chapter 11 |
| coolhaus Works, LLC | ) | |
| | ) | **Jointly Administered** |
| EIN : xx-xxx8056 | ) | **Under Case No. 10-40362-HRT** |
| | ) | |
| Debtor. | ) | |
| | ) | |

**OBJECTION AND RESERVATION OF RIGHTS WITH RESPECT TO THE
ADEQUACY OF DISCLOSURE STATEMENT TO JOINT PLAN OF
REORGANIZATION DATED MAY 23, 2011**

JPMorgan Chase Bank, N.A. ("Chase"), a creditor and party in interest in these jointly administered cases, by its attorneys, Sherman & Howard L.L.C., hereby submits its Objection to and Reservation of Rights With Respect to the Adequacy of Disclosure Statement to Joint Plan of Reorganization dated May 23, 2011 (the "Disclosure Statement").

The purpose of a disclosure statement, as required under 11 U.S.C. § 1125, is to provide creditors with adequate information necessary to decide whether to accept a proposed plan of reorganization. *In re Monnier Bros.*, 755 F.2d 1336, 1342 (8th Cir. 1985); *In re Stanley Hotel, Inc.*, 13 B.R. 926, (Bankr. D. Colo. 1981). Sufficient financial information must be provided to enable a "hypothetical, reasonable investor" to make an "informed judgment" as to whether to accept or reject a plan. *In re Civitella*, 15 B.R. 206 (Bankr. E.D. Pa. 1981). The

responsibility to provide the information required in the disclosure statement rests with the proponent of the plan. *In re Jeppson*, 66 B.R. 269 (Bankr. D. Utah 1986).

The Amended Schedules filed in Gregory Tasker Mount and Melissa Marie Mount's (collectively the "Mounts") individual case on February 15, 2011 list as property of the estate on Schedule B – Personal Property, under No. 14. Interests in partnerships or joint ventures, "Coolhaus, LLC (100%)". The records of the Colorado Secretary of State list Greg T. Mount as the Registered Agent of an entity known as Innovative Management Group, LLC (I.D. No. 20071354688) ("Innovative II").

The Articles of Organization for Innovative II were filed on August 1, 2007. A Statement of Dissolution was filed by the agent on October 7, 2008, but thereafter Articles of Reinstatement were filed on January 20, 2009. Accordingly, Innovative II appears to be a valid legal entity in which the Mounts may hold an interest and is not disclosed in the Schedules.

Prior to the formation of Innovative II, Articles of Organization for an entity named Innovative Management Group, LLC were filed on November 22, 2006 (I.D. No. 20061477748) ("Innovative I"). Melissa M. Mount is listed as the current Registered Agent for Innovative I. Articles of Amendment for Innovative I were filed on August 1, 2007, the same date that the Articles of Organization were filed for Innovative II, which changed the entity name of Innovative I to Professional Search and Placement, LLC. On May 2, 2008 Articles of Amendment were filed which changed the name of Innovative I to coolhaus Works, LLC.

The petition in the non-individual case was filed under the name of Professional Search & Placement, LLC d/b/a Cool Haus Works, LLC. A brief description of the history of the non-individual debtor on page 5 of the Disclosure Statement states that "IMG's name was changed to Professional Search and Placement, LLC d/b/a CoolHaus Works, LLC and IMG was dissolved in or around August, 2007."

The history of the non-individual debtor provided in the Disclosure Statement as well as the filing information appears to be inconsistent with the records of the Colorado Secretary of State. Among other things, based on these records, there currently is no valid legal entity in the name of Professional Search and Placement, LLC and it appears that the petition for the non-individual case should have been filed as coolhaus Works, LLC d/b/a Professional Search and Placement, LLC.

Accordingly, the debtors should be required to provide additional and complete disclosures regarding the entities in which the debtors hold an interest, and provide a full and complete history regarding the non-individual debtor, with modification of the filing information to the extent necessary.

\LITIGATION32986101

The Bankruptcy Code provides that:

> In a case in which the debtor is an individual and in which the holder of an allowed unsecured claim objects to the confirmation of the plan—
>
> (A) the value, as of the effective date of the plan, of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or
>
> (B) the value of the property to be distributed under the plan is not less than the projected disposable income of the debtor (as defined in section 1325(b)(2)) to be received during the 5-year period beginning on the date that the first payment is due under the plan, or during the period for which the plan provides payments, whichever is longer.

11 U.S.C. § 1129(a)(15).

In this case, the individual debtors are not providing for the full payment of all claims in their case. Therefore, the debtors are required to satisfy the requirements of 11 U.S.C. § 1129(a)(15)(B). *See also* 11 U.S.C. § 1127(e).

Mr. Mount is employed by Richfield Hospitality as its President. The income from his employment with Richfield Hospitality will provide a material portion of the funding for the plan obligations in the individual case. As a result, full and complete disclosure of the terms of employment, including copies of any employment contracts, must be provided, including, without limitation, the terms for compensation, the entitlement to bonuses or other additional compensation, any other additional non-monetary compensation or benefits, and the present or future ownership or entitlement to acquire any ownership interest in Richfield Hospitality.

By raising no additional objections to the Disclosure Statement at this time, Chase does not admit to, agree with, support or accept as its own, the statements, representations, assertions of fact or conclusions of law made therein, or concede that the information provided is complete, accurate or sufficient for purposes of determining whether the plan should be confirmed. Accordingly, Chase waives no right to challenge any representation made in the Disclosure Statement, and reserves all rights to, among other things, conduct discovery and other investigations as may be necessary to verify information in the Disclosure Statement and obtain any additional information that it deems necessary in connection with proceedings to consider confirmation of a plan.

WHEREFORE Chase requests that the Court:

A. Deny approval of the Disclosure Statement;

\LITIGATION32986101

B.    In the alternative, condition approval on the amendment of the Disclosure Statement as set forth above; and

C.    Award other and further relief as the Court deems just and proper.

Dated: June 29, 2011

        SHERMAN & HOWARD L.L.C.

        s/ *Angela R. Whitford*
        Angela R. Whitford, #39309
        633 Seventeenth Street, Suite 3000
        Denver, CO 80202
        Phone: (303) 297-2900
        Fax: (303) 298-0940
        E-mail: awhitford@shermanhoward.com

        **ATTORNEYS FOR CREDITOR**
        **JPMORGAN CHASE BANK, N.A.**

## CERTIFICATE OF SERVICE

I hereby certify that on this day 29th day of June, 2011, a true and correct copy of the foregoing **RESPONSE AND RESERVATION OF RIGHTS WITH RESPECT TO THE ADEQUACY OF DISCLOSURE STATEMENT** was deposited in the United States mail, postage prepaid, addressed to the following:

Aaron A. Garber
303 East 17th Avenue, Suite 500
Denver, CO 80203

*U.S. Trustee*
999 18th Street
Suite 1551
Denver, CO 80202

*See attached Creditor's Mailing Matrix*

By: *s/Nichole Parsons*
Nichole Parsons

\LITIGATION32986101

Label Matrix for local noticing
1082-1
Case 10-40362-HRT
District of Colorado
Denver
Wed Jun 29 16:02:15 MDT 2011

Mercedes-Benz Financial Services USA, LLC
C/O The Hale Law Group PLLC
88 Union Avenue Suite 700
Memphis, TN 38103-5128

Professional Search and Placement
2 West Dry Creek Circle
Suite 100
Littleton, CO 80120-4479

US Bankruptcy Court
US Custom House
721 19th St.
Denver, CO 80202-2508

Ally Financial
P.O. Box 380902
Bloomington, IL 55438-0902

Ally Financial Inc. f/k/a GMAC Inc.
P O Box 130424
Roseville, MN 55113-0004

American Express
PO Box 650448
Dallas, TX 75265-0448

American Express Centurion Bank
c o Becket and Lee LLP
POB 3001
Malvern, PA 19355-0701

Angela Whitford, Esq.
Sherman & Howard, LLC
633 17th Street, Suite 3000
Denver, CO 80202-3622

Audi Financial
P.O. Box 60144
City of Industry, CA 91716-0144

Chase Bank
P.O. Box 94014
Palatine, IL 60094-4014

Chase Home Equity
P.O. Box 78035
Phoenix, AZ 85062-8035

Chase Home Finance
P.O. Box 78420
Phoenix, AZ 85062-8420

Colorado Department of Revenue
1375 Sherman Street
Denver, CO 80261-0001

GE Money Bank
c/o Recovery Management Systems Corp.
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 33131-1605

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Internal Revenue Service
PO BOX 7346
Philadelphia PA 19101-7346

JP Morgan Chase Bank
PO Box 29550
Phoenix, AZ 85038-9550

JPMorgan Chase Bank
201 North Central Ave, Floor 17
Phoenix, AZ 85004-1000

JPMorgan Chase Bank, N.A.
Sherman & Howard L.L.C.
c/o Caroline T. Bess, Esq.
633 17th Street, Suite 3000
Denver, CO 80202-3622

Mercedes Benz
P.O. Box 9001680
Louisville, KY 40290-1680

Mercedes-Benz Financial Services USA, LLC
c/o Bert Echols, Esq.
The Hale Law Group, PLCC
88 Union Ave., Ste 700
Memphis TN 38103-5128

(c)OFFICE OF THE ATTORNEY GENERAL
STATE OF COLORADO
1525 SHERMAN ST STE 700
DENVER CO 80203-1700

Office of the Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Suite 4400
Washington, D.C. 20530-0001

Office of the U.S. Attorney
District of Colorado
1225 Seventeenth Street
Suite 700
Denver, CO 80202-5598

State of Colorado
Division of Securities
1560 Broadway
Suite 900
Denver, CO 80202-5150

US Trustee
999 18th St.
Ste. 1551
Denver, CO 80202-2415

VW Credit, Inc.
PO BOX 829009
Dallas, TX 75382-9009

Aaron A Garber
303 E. 17th Ave.
Ste. 500
Denver, CO 80203-1258

Gregory Tasker Mount
2 West Dry Creek Circle
Suite 100
Littleton, CO 80120-4479

```
Melissa Marie Mount                    Robert L. Tinnin
2 West Dry Creek Circle                Paragon Building, Suite 315
Suite 100                              7100 East Belleview Avenue
Littleton, CO 80120-4479               Greenwood Village, CO 80111-1632
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Internal Revenue Service               (d)Internal Revenue Service
Insolvency Unit                        P.O. Box 21126
1999 Broadway                          Philadelphia, PA 19114-0326
MS 5012 DEN
Denver, CO 80202-3025
```

Addresses marked (c) above for the following entity/entities were corrected
as required by the USPS Locatable Address Conversion System (LACS).

```
Office of the Attorney General
State of Colorado
1525 Sherman Street
7th Floor
Denver, CO 80203
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(d)State of Colorado                   End of Label Matrix
Division of Securities                 Mailable recipients    31
1560 Broadway, Suite 900               Bypassed recipients     1
Denver, CO 80202-5150                  Total                  32
```